SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
TARA WILCOX, Cal. Bar. No. 157015
DAVID A. ALVAREZ, Cal. Bar. No. 322976
12775 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:   (858) 720-8900
Facsimile:   (858) 509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DURBIN, an individual.<br><br>         Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 25, inclusive,<br><br>       Defendants. | Case No.   2:21-cv-9540<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[Los Angeles County Superior Court Case No. 21STCV33146]<br><br>[Complaint Filed:  September 8, 2021] |

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of <u>Mark Durbin v. Costco Wholesale and DOES 1 through 25</u> (Los Angeles County Superior Court, Case No. 21STCV33146) to the United States District Court for the Central District of California.  In accordance with 28 U.S.C. 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1.     On September 8, 2021, plaintiff Mark Durbin ("Plaintiff") filed a **verified** Complaint against Costco in the Los Angeles County Superior Court.

2.     On September 13, 2021, Plaintiff served the Complaint on Costco by process server to John Sullivan, Corporate Counsel for Costco, at Costco's corporate headquarters in Issaquah, Washington.  (McConnell Decl., ¶ 2.) (A copy of the proof of service is attached as Exhibit B to the Declaration of Matthew S. McConnell.  Copies of the Complaint, summons, and civil case cover sheet are attached as Exhibit A to the Declaration of Matthew S. McConnell.)

3.     On October 13, 2021, Costco removed this matter to the United States Central District Court, and was assigned Case no. 21-cv-08149-PA-KS.

4.     On October 15, 2021, the District Court remanded the case to state court because the Complaint did not on its face demonstrate that Plaintiff was a citizen of the State of California.  (Doc. 10, p. 2.)

5.      On October 22, 2021, the Los Angeles Superior Court acknowledged receipt of the District Court's remand order. (Doc. 12.)

6.      On November 10, 2021, Costco took the deposition of Plaintiff. (McConnell Decl., ¶ 3.)

7.      On November 10, 2021, Plaintiff produced documents which included copies of his California driver's license, California voter registration, and United States Passport.  (McConnell Decl., ¶ 4-6; Exs. D, E, and F to McConnell Declaration.)

8.      On November 17, 2021, Costco filed an Answer.  (McConnell Decl., 7; Ex. G to McConnell Decl.)

9.      On November 30, 2021, Costco received a copy of the transcript of Plaintiff's deposition.  (McConnell Decl., ¶ 3.)

10.     On December 6, 2021, Plaintiff served written responses to Costco's special interrogatories and requests for admissions.  (McConnell Decl., ¶ 8; Exs. H and I to McConnell Decl.)

11.     Attached as Exhibit J to the Declaration of Matthew S. McConnell is a list of the Superior Court's file in this matter.  The Complaint, civil case cover sheet, and summons are attached as Exhibit A.  Costco has not otherwise been served with any other process, pleadings, or orders pursuant to 28 U.S.C. § 1446(a).

12.    *Timely Filing of Notice*.   Costco has filed this Notice pursuant to 28 U.S.C. section 1446(b) in a timely fashion, in that this Notice has been filed within 30 days of receipt of "other paper from which it may first be ascertained that the case is . . .  removable."  28 U.S.C. § 1446(b).  For purposes of this statute, Plaintiff's deposition testimony given on November 10, 2021, is considered to be an "other paper" which triggers removal.  *See Huffman v. Saul Holdings Ltd. Pshp.*, 194 F.3d 1072, 1078 (10th Cir. 1999); *Riggs v. Cont'l Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. Feb. 9, 1988).  The transcript of Plaintiff's deposition testimony was received on November 30, 2021.  Because this Notice has been filed within 30 days of Costco's receipt of the transcript, it is timely.[1]

13.    *Diversity Jurisdiction*: This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under 29 U.S.C. § 1441(a) in that:

    a.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his domicile.  See State Farm Mut. Auto Ins. Co. v. Dyer, 29 F.3d 514, 520 (10th Cir. 1994).  Plaintiff has been a United States citizen at all times since birth.  (Ex. C to McConnell Decl., 180:16-23; Ex. H, Responses to Special Interrogatory Nos. 1-2; Ex. I, Responses to Requests for Admissions Nos. 1-3; Ex. E to McConnell Decl.)  The **verified** Complaint states that Plaintiff "is, and at all times mentioned

---

[1]   In addition, if Plaintiff's production of his California driver's license and United States passport on November 10, 2021 is sufficient to start the 30-day removal period, the Notice is still timely.

herein was, a resident of the County of Los Angeles, State of California." (Complaint, ¶ 1.)  Within a few months of graduating from University of Maryland in 1982, Plaintiff moved to Los Angeles, California, where he has resided at all times since then.  (Ex. C to McConnell Decl., 23:19-25:12; Ex. H to McConnell Decl., Responses to Special Interrogatory No. 3; Ex. I to McConnell Decl., Responses to Requests for Admissions No. 4.)  Plaintiff has maintained a California's driver's license at all times for over 25 years.  (Ex. C to McConnell Decl., 180:24-181:4; Ex. H to McConnell Decl., Responses to Special Interrogatory No. 5; Ex. I to McConnell Decl., Responses to Requests for Admissions Nos. 22-23; Ex. D to McConnell Decl.)  The only other state Plaintiff has ever had a driver's license was Maryland before he moved to California.  (Ex. C to McConnell Decl., 181:25-182:5.)  Plaintiff has been registered to vote in California for over 20 years.  (Ex. C to McConnell Decl., 181:5-9; Ex. H to McConnell Decl., Responses to Special Interrogatory Nos. 6-7; Ex. I to McConnell Decl., Responses to Requests for Admissions Nos. 18-19; Ex. F to McConnell Decl.)  The only other state that Plaintiff has ever been registered to vote was possibly in Maryland when he attended college.  (Ex. C to McConnell Decl., 181:21-24.)  Plaintiff has never lived in the State of Washington.  (Ex. C to McConnell Decl., 181:16-18; Ex. I to McConnell Decl., Responses to Requests for Admissions Nos. 11-13.)

b.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and

of the State where it has its principal place of business."  Costco was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated.  (Ex. K to McConnell Decl.; McConnell Decl., ¶ 10; Rajski Decl., ¶¶ 5-6.)  Costco's corporate headquarters are located in Issaquah, Washington. Costco's corporate policies and procedures are formulated in its executive and administrative headquarters which are located in Issaquah, Washington.  (Rajski Decl., ¶¶ 5-6.)  The "nerve center" of Costco is therefore found in Washington, not California.  See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

c.   The citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  See 28 U.S.C. § 1441(a).

d.   Plaintiff states in his **verified** complaint that his economic and non-economic damages total "in excess of $500,000." (Complaint, ¶¶ 31, 43, 55, 67, 80, 88; Prayer No. 1.)

e.   The Complaint pleads causes of action for disability discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide a reasonable accommodation, failure to engage in the interactive process, declaratory judgment,

-5-

and wrongful termination in violation of public policy.  Even without Plaintiff expressly alleging damages in excess of $500,000, assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. <u>See</u> <u>Chavez v. JPMorgan Chase & Co.</u>, 888 F.3d 413 (9th Cir. 2018) (holding that "the amount in controversy is not limited to damages incurred prior to removal…Rather, the amount in controversy…encompasses all relief a court may grant...if the plaintiff is victorious"; <u>Fritsch v. Swift Transp. Co. of Ariz., LLC</u>, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

    f.    Specifically, Plaintiff prays for the following:

        (1)    Lost past and future wages (Complaint, ¶¶ 31, 43, 55, 67, 80, 88, Prayer for Relief no. 1).  Plaintiff's hourly rate of pay as of May 20, 2020 (the date Plaintiff's employment ended) was $15.00.  (Rajski Decl., ¶¶ 3-4; Compl., ¶ 18; Ex. C to McConnell Decl., 27:23-28:2, 30:4-7.)  At the time his employment ended, Plaintiff was a part-time seasonal employee.  (Rajski Decl., ¶¶ 3-4.)  Assuming Plaintiff's seasonal employment had not ended, and he remained a part-time employee working a minimum of 24 hours per week, his hourly rate of pay would have increased to $16.50 an hour no later than March 2021. (Rajski Decl., ¶¶ 3-4.) Assuming that Plaintiff prevailed at trial by November 20, 2022, and assuming that Plaintiff

1      was limited to just 24 hours per week, Plaintiff would

2      potentially be entitled to over $49,000 in back pay alone.

3      (See McConnell Decl., ¶ 12.)  See also Parker v.

4      Twentieth Century-Fox Film Corp., 3 Cal.3d 176, 181

5      (1970) (under FEHA, prevailing plaintiffs are entitled to

6      back pay in the amount they would have received absent

7      the termination).  This amount does not include benefits,

8      overtime, or any hours worked beyond the guaranteed

9      minimum of 24 per week.

10

11    (2)    Compensation for mental and emotional distress

12      (Complaint, ¶¶ 31, 43, 55, 67, 80, 88,  Prayer for Relief

13      no. 2).  See Cal. Gov't Code § 12970 (emotional distress

14      damages recoverable under FEHA).

15

16      Comparable Cases.  A defendant may use damage awards

17      in other cases to establish that the amount in controversy

18      exceeds $75,000.  See Simmons v. PCR Tech., 209 F.

19      Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).  Juries in

20      California have awarded well in excess of $75,000 for

21      emotional distress damages in wrongful termination cases.

22      Roby v. McKesson, 47 Cal. 4th 686, 699 (2009) (awarding

23      a single plaintiff $1,600,000 in non-economic damages for

24      three separate counts of wrongful termination (later

25      reduced by stipulation to $800,000)).  Juries have also

26      awarded well in excess of $75,000 for emotional distress

27      damages in discrimination and retaliation cases.  See, e.g.,

28      Wang v. Reese Scientific Corp., San Francisco Sup. Ct.

-7-

Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination); <u>Stallworth v. City of Los Angeles</u>, Los Angeles Sup. Ct. Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and the jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

(3)     Punitive damages (Complaint, ¶¶ 32, 33, 44, 45, 56, 57, 68, 69, 81, 82, 89, 90 Prayer for Relief no. 4). <u>See</u> <u>Weeks v. Baker & McKenzie</u>, 63 Cal.App.4th 1128, 1147-1148 (1998) (punitive damages recoverable under FEHA actions); <u>Anthony v. Security Pac. Fin'l Services, Inc.</u>, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

(4)     Attorneys' fees (Complaint, ¶¶ 34, 46, 58, 70, 83, Prayer for Relief no. 6). <u>See</u> Cal. Gov't Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions); <u>Fritsch v. Swift Transp. Co. of Ariz., LLC</u>, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); <u>Galt</u>

-8-

1   <u>G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155 (9th Cir.
2   1998) (where attorneys' fees are allowed by statute, they
3   are considered as part of the amount in controversy
4   calculus).

6   g.   The undersigned counsel has defended numerous claims for
7   alleged discrimination against corporate employers, including
8   claims alleging discrimination, harassment, and wrongful
9   termination.  (<u>See</u> McConnell Dec., ¶ 13.)  Based on that
10   experience, discovery and settlement discussions consistently
11   reveal that a typical claim in an action such as this regularly
12   exceeds $75,000, especially when the plaintiff has a right to
13   recover attorneys' fees. (<u>See</u> McConnell Dec., ¶ 13.)

15   h.   Based on both Plaintiff's demanded relief in the Complaint and
16   the undersigned counsel's previous experience, Costco is
17   informed and believes that the amount in controversy easily
18   exceeds $75,000.  (<u>See</u> McConnell Dec., ¶ 13.)  <u>See</u> <u>White v.</u>
19   <u>FCI USA, Inc.</u>, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy
20   list of compensatory and punitive damages sought by [the
21   plaintiff], when combined with attorney's fees" demonstrated that
22   the amount in controversy exceeded $75,000").

24   **<u>NOTICE OF REMOVAL</u>**

26   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this
27   Notice of Removal will be filed with the Clerk of the Superior Court of the State of
28   California, County of Los Angeles, in the State-Court Action.

1    In addition, Plaintiff has been served with this Notice of Removal, and
2    the additional supporting pleadings, as reflected in the concurrently filed Proof of
3    Service.

4

5    Dated:  December 9, 2021

6                              SHEPPARD, MULLIN, RICHTER & HAMPTON
7                              LLP

8

9                              By        /s/ Matthew S. McConnell
10                                       MATTHEW S. McCONNELL
                                         TARA WILCOX
11                                       DAVID A. ALVAREZ

12
                                 Attorneys for COSTCO WHOLESALE
13                                         CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PRAYER FOR REMOVAL**

2

3          WHEREFORE, Costco prays that this civil action be removed from the

4  Superior Court of the State of California, County of Los Angeles to the United

5  States District Court for the Central District of California.

6  Dated:  December 9, 2021

7                                        SHEPPARD, MULLIN, RICHTER & HAMPTON
8                                        LLP

9

10                            By      _____*/s/ Matthew S. McConnell*_____
11                                        MATTHEW S. McCONNELL
                                         TARA WILCOX
12                                        DAVID A. ALVAREZ

13
                                         Attorneys for COSTCO WHOLESALE
14                                        CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4879-2705-2547.1                    NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

PROOF OF SERVICE

**Mark Durbin v. Costco Wholesale Corporation, et al.**
**USDC Central District of California Case No.** 2:21-cv-9540

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130-4092.

On December 9, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| FREEBURG & GRANIERI, APC | Attorneys for Plaintiff |
| Gregory S. Freeburg | MARK DURBIN |
| Christy W. Granieri | |
| Anton C. Swain-Gil | |
| 107 S. Fair Oaks Ave, Suite 321 | |
| Pasadena, CA 91105 | |
| Telephone: (626) 486-9082 | |
| Email: greg@fgfirm.law; | |
| christy@fgfirm.law; anton@fgfirmn.law; | |
| service@fgfirm.law | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jejackson@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 9, 2021, at San Diego, California.

_____
Janet E. Jackson

-1-

PROOF OF SERVICE