EXHIBIT A

21STCV33146

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

**FREEBURG & GRANIERI, APC**
Gregory S. Freeburg (State Bar No. 275449)
  greg@fgfirm.law
Christy W. Granieri (State Bar No. 266392)
  christy@fgfirm.law
Anton C. Swain-Gil (State Bar No. 323237)
  anton@fgfirm.law
107 S. Fair Oaks Ave, Suite 321
Pasadena, CA 91105
Telephone: (626) 486-9082

Attorneys for Plaintiff
Mark Durbin

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARK DURBIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **21STCV33146**<br><br>**VERIFIED COMPLAINT FOR DAMAGES:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940, ET SEQ.**<br><br>2. **FAILURE TO REASONABLY ACCOMMODATE A DISABILITY IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940, ET SEQ.**<br><br>3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940, ET SEQ.**<br><br>4. **RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940, ET SEQ.**<br><br>5. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE § 12940, ET SEQ.**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

**EXHIBIT A, PAGE 5**

7.  **DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO** *CODE OF CIVIL PROCEDURE* **§ 1060;** *GOVERNMENT CODE* **§§ 12920 and 12920.5, ET SEQ.**

[DEMAND FOR JURY TRIAL]

Plaintiff Mark Durbin alleges as follows on knowledge as to himself and his own acts, and on information and belief as to all other matters:

**I.**

**PARTIES**

1.  Plaintiff Mark Durbin ("Durbin" or "Plaintiff") is an individual who was employed by Defendant Costco Wholesale Corporation ("Costco" or "Defendant"). Durbin is, and at all times mentioned herein was, a resident of the County of Los Angeles, State of California.

2.  Costco is, and at all times mentioned herein was, a corporation conducting business in the County of Los Angeles in the State of California.

3.  Durbin is ignorant of the true names and capacities of Defendants sued herein as DOES 1-25, inclusive, and therefore sues these Defendants by such fictitious names. Durbin will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to any named Defendant shall include the Doe Defendants as well.

4.  Each business entity of Costco, and/or Doe Defendants 1-25, whether corporate, partnership, joint venture, unincorporated association, public entity, or other business entity of unknown form, and whether named or sued by fictitious name, is, and at all times mentioned herein was, in some manner involved in the ownership and/or operation of Costco herein. Each of the individual defendants, whether named or sued by fictitious name, whether acting in an individual capacity within or without his/her capacity as managerial agent, servant, employee, officer, director, partner, or joint venture of each of the business entity defendants aforementioned, in committing the acts or omissions as alleged herein which resulted in damage to Durbin, is and

1  at all times mentioned herein was, also in some manner involved in the ownership and/or

2  operation of Costco, and in doing the things herein alleged was acting with the permission and

3  consent and/or knowledge, authorization or ratification of each of the business entity defendants

4  mentioned above, unless otherwise/ stated herein.

5  **II.**

6  **FACTUAL ALLEGATIONS**

7        5.     On March 24, 2020, Costco hired Durbin as a Stocker.  Durbin worked at Costco's

8  store located at 6100 Sepulveda Boulevard, Van Nuys, California 91411 (the "Van Nuys store").

9        6.     As part of his duties as a Stocker, Costco required Durbin to stock and organize

10  merchandise for sale in the warehouse and sales floor of the Van Nuys store.

11        7.     Costco originally hired Durbin as a seasonal employee in response to a surge in

12  Costco's business due to the COVID-19 pandemic.

13        8.     Unlike seasonal employees temporarily employed during a holiday surge, Costco

14  hired Durbin for the "season" of COVID-19, which is ongoing as of the time of the filing of this

15  Verified Complaint.

16        9.     During Durbin's new employee orientation in March 2020, Ruben [last name

17  unknown] ("Ruben"), Durbin's supervisor, told Durbin that every seasonal employee who

18  performed their jobs well would be hired by Costco as a full-time employee.

19       10.    During Durbin's new employee orientation in March 2020, Durbin's supervisors

20  and the onboarding documents Costco provided to Durbin stated that he was subject to a ninety

21  (90) day probationary period during which his performance would be reviewed.

22       11.    Throughout his employment, Durbin consistently met or exceeded his supervisors'

23  expectations and was on track to being hired by Costco as a full-time employee.

24       12.    On April 30, 2020, Durbin's supervisors, including Jose Rodriguez ("Rodriguez"),

25  completed Durbin's thirty (30) day Performance Review.  Durbin received positive written

26  feedback in the Performance Review, including comments by Rodriguez that Durbin "gives his

27  full attention to our members and limits interruptions while others are talking.  He expresses

28  himself clearly and responds well to direction and coaching provided by his management team,"

FREEBURG&GRANIERI

1   that Durbin "starts the day with a positive 'can-do' attitude," that Durbin's "behavior is consistent

2   with Costco's Code of Ethics," and that Durbin "is flexible with his schedule and is usually able to

3   stay if needed.  He is also open to changing duties throughout the day.  He has no problem helping

4   multiple areas of the warehouse if asked."

5      13. Throughout Durbin's employment, his supervisors and coworkers also regularly

6   gave him positive verbal feedback regarding his work performance, including that he was doing a

7   "great job" and that he was on track to being hired as a full-time employee.

8      14. Durbin's supervisors frequently assigned Durbin to work in the freezer section of

9   Costco's warehouse at the Van Nuys store.

10      15. On April 3, 2020, while Durbin was working in the freezer section of Costco's Van

11   Nuys store, a pallet of frozen foods fell on Durbin, knocking him unconscious and causing serious

12   injuries to his head, teeth, shoulder, pelvis, and legs, including, but not limited to, a concussion, a

13   broken nose, facial lacerations, a fractured jawbone, cracked and knocked out teeth, soft tissue

14   damage, a torn meniscus, and a hematoma on his right calf.

15      16. After being rushed to the emergency room for treatment, Durbin's medical

16   providers place him on a medical leave of absence in order to recover from his extensive physical

17   injuries that left him temporarily unable to work.

18      17. Durbin and his medical providers provided Costco with medical documentation of

19   Durbin's injuries and his need for a brief medical leave of absence.  Costco approved Durbin's

20   medical leave of absence and Durbin believed that he would be able to return to work after he had

21   recovered from his workplace injury.

22      18. On May 20, 2020, just fifty-seven (57) days after Durbin was first hired, and

23   despite the fact that the COVID-19 "season" had not ended, Costco terminated Durbin's

24   employment for the purported reason that he was a seasonal employee and his seasonal

25   employment had ended.

26      19. Durbin did not learn of his termination until on or around July 21, 2020, when he

27   received a notice from Helmsman Management Services, Costco's third-party administrator in

28   charge of processing Costco's workers' compensation claims, that Durbin's workers'

---

VERIFIED COMPLAINT FOR DAMAGES

3

FREEDURG&GRANIERI

1  compensation payments had ended.

2      20.    No Costco employee spoke to Durbin about his termination or any reasonable

3  accommodations that Costco could provide Durbin in order to allow him to return to work.

4  Instead, after Durbin suffered a disability while discharging his duties for Costco's benefit, Costco

5  unceremoniously cast Durbin aside due to his physical disability and/or his request for reasonable

6  accommodations.

7      21.    The stated reason for Durbin's termination was illegal pretext.  Durbin was

8  terminated in whole, or in part, because he suffered from a known physical disability and/or

9  because he requested reasonable accommodations for his known physical disability.

10      22.    As a result of Costco's unlawful conduct, as set forth in this Verified Complaint,

11  Plaintiff has suffered and continues to suffer economic damages and other damages which will be

12  proved at the time of trial.  Additionally, Plaintiff has been emotionally damaged by Costco's

13  unlawful conduct.

14                              **III.**

15              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16      23.    Prior to the institution of this lawsuit, Durbin filed a complaint with the Department

17  of Fair Employment and Housing ("DFEH"), pursuant to § 12900, *et seq.* of the *Government*

18  *Code*, alleging that the acts described in this Complaint violated the Fair Employment and

19  Housing Act, *Government Code* § 12940, *et seq.* ("FEHA").  On June 17, 2021, the DFEH issued

20  a "right to sue" letter, a true and correct copy of which is attached hereto, marked as **Exhibit "A"**

21  and by this reference incorporated herein.  All conditions precedent to the institution of this

22  lawsuit have been fulfilled.  This action is filed within one (1) year of the date the DFEH issued its

23  right to sue letter.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

VERIFIED COMPLAINT FOR DAMAGES
4

FREEBURG&GRANIERI

## IV.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA –

### *GOVERNMENT CODE* § 12940, *ET SEQ.*

### (Against Defendants Costco and DOES 1-25)

24.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

25.     Defendants Costco and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination in that each of these Defendants is an employer who regularly employs five (5) or more persons.

26.     At all relevant times, Plaintiff was an employee of Costco with physical disabilities within the definition of *Government Code* § 12926(m), because he suffered a severe injury that caused him physiological disorders and/or conditions, cosmetic disfigurement, and anatomical loss, which affect his musculoskeletal, neurological, and digestive systems and limit the major life activity of working, and/or was regarded or treated by Defendants Costco and/or DOES 1-25 as an employee with a protected physical disability that limits the major life activity of working and is covered by FEHA.

27.     Plaintiff was a qualified individual with physical disabilities who could perform the essential functions of his job, with or without a reasonable accommodation, and without endangering his own health or safety or the health and safety of others.

28.     Defendants Costco and/or DOES 1-25 learned of Plaintiff's physical disabilities at the latest on April 3, 2020, when he suffered the severe workplace injury that caused his physical disabilities.  Defendants Costco and/or DOES 1-25 remained aware of Plaintiff's physical disabilities throughout Plaintiff's employment until his illegal termination on May 20, 2020.

29.     Defendants Costco and/or DOES 1-25 discriminated against Plaintiff on the basis of his physical disabilities in violation of *Government Code* § 12940 by engaging in such discriminatory actions against Plaintiff as described above, including, but not limited to:

a.     Refusing to accommodate Plaintiff's physical disabilities;

FREEBURG&GRANIERI

1      b.      Refusing to engage in a good faith interactive process regarding which

2             accommodations were available to Plaintiff;

3      c.      Refusing to return Plaintiff to the same or comparable position;

4      d.      Giving false and pretextual reasons for Plaintiff's termination;

5      e.      Terminating Plaintiff's employment; and

6      f.      By the other conduct alleged above.

7      30.      Plaintiff's physical disabilities, and/or perceived physical disabilities, and/or

8  Plaintiff being regarded or treated as an employee with physical disabilities, was a motivating

9  reason for Defendants Costco and/or DOES 1-25's disparate and discriminatory treatment of

10  Plaintiff.

11      31.      As a direct and proximate result of the conduct of Defendants Costco and/or DOES

12  1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost

13  wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also

14  suffered and will continue to suffer physical and emotional injuries, including nervousness,

15  humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and

16  anxiety.  The amount of Plaintiff's damages will be ascertained at trial, but are believed to be in

17  excess of $500,000.

18      32.      Defendants Costco and/or DOES 1-25 acted in a despicable, oppressive, and

19  malicious manner with the express intent of injuring or damaging Plaintiff or with conscious

20  disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute

21  oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and

22  exemplary damages against Defendants in a sum appropriate to punish and make an example of

23  Defendants.

24      33.      The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents

25  and employees of Defendants Costco and/or DOES 1-25.  Defendants Costco and/or DOES 1-25

26  had advance knowledge of the unfitness of employees and/or agents, who acted with malice,

27  oppression, or fraud and employed them with a conscious disregard of the rights or safety of

28  Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive

FREEBURG&GRANIERI...

1   damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance

2   knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

3   malice was committed by or on the part of an officer, director, or managing agent of Defendants

4   Costco and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against

5   Defendants Costco and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate

6   to punish and make an example of Defendants Costco and/or DOES 1-25.

7        34.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

8   prevailing party in an action brought under its provisions. Plaintiff has employed and will

9   continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has

10  incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an

11  award of attorneys' fees and costs under *Government Code* § 12965(b).

12       35.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

13  of this Court.

14  **V.**

15  **SECOND CAUSE OF ACTION**

16  **FAILURE TO REASONABLY ACCOMMODATE A DISABILITY IN VIOLATION OF**

17  **FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

18  **(Against Defendants Costco and DOES 1-25)**

19       36.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

20  Verified Complaint as if fully alleged herein.

21       37.    Defendants Costco and/or DOES 1-25 are each subject to the laws of the State of

22  California and are entities subject to suit under FEHA for failure to reasonably accommodate

23  Plaintiff in that each of these Defendants is an employer who regularly employs five (5) or more

24  persons.

25       38.    At all relevant times, Plaintiff was an employee of Costco with physical

26  disabilities within the definition of *Government Code* § 12926(m), because he suffered a severe

27  injury that caused him physiological disorders and/or conditions, cosmetic disfigurement, and

28  anatomical loss, which affect his musculoskeletal, neurological, and digestive systems and limit

1   the major life activity of working, and/or was regarded or treated by Defendants Costco and/or

2   DOES 1-25 as an employee with a protected physical disability that limits the major life activity

3   of working and is covered by FEHA.

4        39.    Plaintiff was a qualified individual with physical disabilities who could perform the

5   essential functions of his job, with or without a reasonable accommodation, and without

6   endangering his own health or safety or the health and safety of others.

7        40.    Defendants Costco and/or DOES 1-25 learned of Plaintiff's physical disabilities at

8   the latest on April 3, 2020, when he suffered the severe workplace injury that caused his physical

9   disabilities.  Defendants Costco and/or DOES 1-25 remained aware of Plaintiff's physical

10  disabilities throughout Plaintiff's employment until his illegal termination on May 20, 2020.

11       41.    Defendants Costco and/or DOES 1-25's refusals to reasonably accommodate

12  Plaintiff included, but were not limited to:

13       a.    Refusing to accommodate Plaintiff's physical disabilities;

14       b.    Refusing to engage in a good faith interactive process regarding which

15            accommodations were available to Plaintiff;

16       c.    Refusing to return Plaintiff to his same or similar position;

17       d.    Giving false and pretextual reasons for Plaintiff's termination;

18       e.    Terminating Plaintiff's employment; and

19       f.    By the other conduct alleged above.

20       42.    Defendants Costco and/or DOES 1-25 violated *Government Code* § 12940(m) by

21  failing and refusing to provide Plaintiff with reasonable accommodations for his known physical

22  disabilities and/or perceived physical disabilities despite the availability of such accommodations.

23       43.    As a direct and proximate result of the conduct of Defendants Costco and/or DOES

24  1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost

25  wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also

26  suffered and will continue to suffer physical and emotional injuries, including nervousness,

27  humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and

28  anxiety.  The amount of Plaintiff's damages will be ascertained at trial, but are believed to be in

1  excess of $500,000.

2      44.    Defendants Costco and/or DOES 1-25 acted in a despicable, oppressive, and

3  malicious manner with the express intent of injuring or damaging Plaintiff or with conscious

4  disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute

5  oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and

6  exemplary damages against Defendants in a sum appropriate to punish and make an example of

7  Defendants.

8      45.    The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents

9  and employees of Defendants Costco and/or DOES 1-25. Defendants Costco and/or DOES 1-25

10  had advance knowledge of the unfitness of employees and/or agents, who acted with malice,

11  oppression, or fraud and employed them with a conscious disregard of the rights or safety of

12  Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive

13  damages is sought, and/or was personally guilty of oppression, fraud, or malice. The advance

14  knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

15  malice was committed by or on the part of an officer, director, or managing agent of Defendants

16  Costco and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against

17  Defendants Costco and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate

18  to punish and make an example of Defendants Costco and/or DOES 1-25.

19      46.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

20  prevailing party in an action brought under its provisions. Plaintiff has employed and will

21  continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has

22  incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an

23  award of attorneys' fees and costs under *Government Code* § 12965(b).

24      47.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

25  of this Court.

26  / / /

27  / / /

28  / / /

**VI.**

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

**(Against Defendants Costco and DOES 1-25)**

48.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

49.    Defendants Costco and/or DOES 1-25 are each subject to the laws of the State of California and are entities subject to suit under FEHA in that each of these Defendants is an employer who regularly employs five (5) or more persons.

50.    At all relevant times, Plaintiff was an employee of Costco with physical disabilities within the definition of *Government Code* § 12926(m), because he suffered a severe injury that caused him physiological disorders and/or conditions, cosmetic disfigurement, and anatomical loss, which affect his musculoskeletal, neurological, and digestive systems and limit the major life activity of working, and/or was regarded or treated by Defendants Costco and/or DOES 1-25 as an employee with a protected physical disability that limits the major life activity of working and is covered by FEHA.

51.    Plaintiff was a qualified individual with physical disabilities who could perform the essential functions of his job, with or without a reasonable accommodation, and without endangering his own health or safety or the health and safety of others.

52.    Defendants Costco and/or DOES 1-25 learned of Plaintiff's physical disabilities at the latest on April 3, 2020, when he suffered the severe workplace injury that caused his physical disabilities.  Defendants Costco and/or DOES 1-25 remained aware of Plaintiff's physical disabilities throughout Plaintiff's employment until his illegal termination on May 20, 2020

53.    Defendants Costco and/or DOES 1-25's failure to engage in a good faith interactive process with Plaintiff to determine reasonable accommodations for his physical disabilities included, but was not limited to:

a.    Refusing to accommodate Plaintiff's physical disabilities;

FREEBURG&GRANIERI

b.   Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

c.   Refusing to return Plaintiff to his same or similar position;

d.   Giving false and pretextual reasons for Plaintiff's termination;

e.   Terminating Plaintiff's employment; and

f.   By the other conduct alleged above.

54.   Defendants Costco and/or DOES 1-25 violated *Government Code* §§ 12926.1(e) and 12940 *et seq.* by failing and refusing to engage in the interactive process in a good faith effort to provide Plaintiff with reasonable accommodations for his known physical disabilities and/or the physical disabilities he was regarded or treated as having, despite his request for a reasonable accommodation.

55.   As a direct and proximate result of the conduct of Defendants Costco and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial, but are believed to be in excess of $500,000.

56.   Defendants Costco and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

57.   The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants Costco and/or DOES 1-25.  Defendants Costco and/or DOES 1-25 had advance knowledge of the unfitness of employees and/or agents, who acted with malice, oppression, or fraud and employed them with a conscious disregard of the rights or safety of

FREEBURG & GRANIERI

1    Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive

2    damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance

3    knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

4    malice was committed by or on the part of an officer, director, or managing agent of Defendants

5    Costco and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against

6    Defendants Costco and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate

7    to punish and make an example of Defendants Costco and/or DOES 1-25.

8          58.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

9    prevailing party in an action brought under its provisions.  Plaintiff has employed and will

10   continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

11   incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

12   award of attorneys' fees and costs under *Government Code* § 12965(b).

13         59.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

14   of this Court.

15                                     **VII.**

16                          **FOURTH CAUSE OF ACTION**

17   **RETALIATION IN VIOLATION OF FEHA – *GOVERNMENT CODE* § 12940, *ET SEQ.***

18                     **(Against Defendants Costco and DOES 1-25)**

19         60.    Plaintiff alleges and incorporates by reference all preceding paragraphs of this

20   Verified Complaint as if fully alleged herein.

21         61.    Defendants Costco and/or DOES 1-25 are each subject to the laws of the State of

22   California and are entities subject to suit under FEHA for retaliation for Plaintiff requesting a

23   reasonable accommodation in that each of these Defendants is an employer who regularly employs

24   five (5) or more persons.

25         62.    At all relevant times, Plaintiff was an employee of Costco with physical disabilities

26   within the definition of *Government Code* § 12926(m), because he suffered a severe injury that

27   caused him physiological disorders and/or conditions, cosmetic disfigurement, and anatomical

28   loss, which affect his musculoskeletal, neurological, and digestive systems and limit the major life

---

VERIFIED COMPLAINT FOR DAMAGES

12

FREEBURG&GRANIERI

1  activity of working, and/or was regarded or treated by Defendants Costco and/or DOES 1-25 as an

2  employee with a protected physical disability that limits the major life activity of working and is

3  covered by FEHA.

4      63.    Plaintiff was a qualified individual with physical disabilities who could perform the

5  essential functions of his job, with or without a reasonable accommodation, and without

6  endangering his own health or safety or the health and safety of others.

7      64.    Defendants Costco and/or DOES 1-25 learned of Plaintiff's physical disabilities at

8  the latest on April 3, 2020, when he suffered the severe workplace injury that caused his physical

9  disabilities.  Defendants Costco and/or DOES 1-25 remained aware of Plaintiff's physical

10  disabilities throughout Plaintiff's employment until his illegal termination on May 20, 2020.

11      65.    Plaintiff engaged in a protected activity when he requested a reasonable

12  accommodation for his known disability by acts which included, but were not limited to,

13  requesting time off work for treatment related to his disabilities.

14      66.    Defendants Costco and/or DOES 1-25 violated *Government Code* § 12940(m)(2)

15  and retaliated against Plaintiff for requesting reasonable accommodations for his physical

16  disabilities by acts which included, but were not limited to, the following:

17      a.    Refusing to accommodate Plaintiff's physical disabilities;

18      b.    Refusing to engage in a good faith interactive process regarding which

19            accommodations were available to Plaintiff;

20      c.    Refusing to return Plaintiff to his same or similar position;

21      d.    Giving false and pretextual reasons for Plaintiff's termination;

22      e.    Terminating Plaintiff's employment; and

23      f.    By the other conduct alleged above.

24      67.    As a direct and proximate result of the conduct of Defendants Costco and/or DOES

25  1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost

26  wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also

27  suffered and will continue to suffer physical and emotional injuries, including nervousness,

28  humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and

1   anxiety.  The amount of Plaintiff's damages will be ascertained at trial, but are believed to be in

2   excess of $500,000.

3          68.     Defendants Costco and/or DOES 1-25 acted in a despicable, oppressive, and

4   malicious manner with the express intent of injuring or damaging Plaintiff or with conscious

5   disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute

6   oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and

7   exemplary damages against Defendants in a sum appropriate to punish and make an example of

8   Defendants.

9          69.     The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents

10  and employees of Defendants Costco and/or DOES 1-25.  Defendants Costco and/or DOES 1-25

11  had advance knowledge of the unfitness of employees and/or agents, who acted with malice,

12  oppression, or fraud and employed them with a conscious disregard of the rights or safety of

13  Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive

14  damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance

15  knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

16  malice was committed by or on the part of an officer, director, or managing agent of Defendants

17  Costco and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against

18  Defendants Costco and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate

19  to punish and make an example of Defendants Costco and/or DOES 1-25.

20         70.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

21  prevailing party in an action brought under its provisions.  Plaintiff has employed and will

22  continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

23  incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

24  award of attorneys' fees and costs under *Government Code* § 12965(b).

25         71.     Plaintiff has been generally damaged in an amount within the jurisdictional limits

26  of this Court.

27  / / /

28  / / /

FREEBURG&GRANIERI

## VIII.

## FIFTH CAUSE OF ACTION

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF**

**FEHA –** *GOVERNMENT CODE* **§ 12940,** *ET SEQ.*

**(Against Defendants Costco and DOES 1-25)**

72.     Plaintiff alleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

73.     Defendants Costco and/or DOES 1-25 are subject to the laws of the State of California and are entities subject to suit under FEHA, because they regularly employ five (5) or more persons in the state of California.

74.     At all relevant times, Plaintiff was an employee of Costco with physical disabilities within the definition of *Government Code* § 12926(m), because he suffered a severe injury that caused him physiological disorders and/or conditions, cosmetic disfigurement, and anatomical loss, which affect his musculoskeletal, neurological, and digestive systems and limit the major life activity of working, and/or was regarded or treated by Defendants Costco and/or DOES 1-25 as an employee with a protected physical disability that limits the major life activity of working and is covered by FEHA.

75.     Plaintiff was a qualified individual with physical disabilities who could perform the essential functions of his job, with or without a reasonable accommodation, and without endangering his own health or safety or the health and safety of others.

76.     Defendants Costco and/or DOES 1-25 learned of Plaintiff's physical disabilities at the latest on April 3, 2020, when he suffered the severe workplace injury that caused his physical disabilities.  Defendants Costco and/or DOES 1-25 remained aware of Plaintiff's physical disabilities throughout Plaintiff's employment until his illegal termination on May 20, 2020.

77.     Plaintiff engaged in a protected activity when he requested a reasonable accommodation for his known disability by acts which included, but were not limited to, requesting time off work for treatment related to his disabilities.

///

FREEBURG&GRANIERI

78.     Defendants Costco and/or DOES 1-25 violated *Government Code* § 12940(k) and failed to prevent discrimination and retaliation on the basis of Plaintiff's physical disabilities and/or for requesting reasonable accommodations for his physical disabilities by acts which included, but were not limited to, the following:

a.     Refusing to accommodate Plaintiff's physical disabilities;

b.     Refusing to engage in a good faith interactive process regarding which accommodations were available to Plaintiff;

c.     Refusing to return Plaintiff to his same or similar position;

d.     Giving false and pretextual reasons for Plaintiff's termination;

e.     Terminating Plaintiff's employment; and

f.     By the other conduct alleged above.

79.     As a result of the foregoing conduct by Defendants, Plaintiff was subjected to disability discrimination and/or retaliation as set forth above.

80.     As a direct and proximate result of the conduct of Defendants Costco and/or DOES 1-25, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial, but are believed to be in excess of $500,000.

81.     Defendants Costco and/or DOES 1-25 acted in a despicable, oppressive, and malicious manner with the express intent of injuring or damaging Plaintiff or with conscious disregard of his rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

82.     The acts of oppression, fraud, or malice against Plaintiff were engaged in by agents and employees of Defendants Costco and/or DOES 1-25.  Defendants Costco and/or DOES 1-25

FREEBURG&GRANIERI

**EXHIBIT A, PAGE 21**

1   had advance knowledge of the unfitness of employees and/or agents, who acted with malice,

2   oppression, or fraud and employed them with a conscious disregard of the rights or safety of

3   Plaintiff, and/or authorized or ratified the wrongful conduct for which an award of punitive

4   damages is sought, and/or was personally guilty of oppression, fraud, or malice.  The advance

5   knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or

6   malice was committed by or on the part of an officer, director, or managing agent of Defendants

7   Costco and/or DOES 1-25, thereby entitling Plaintiff to punitive and exemplary damages against

8   Defendants Costco and/or DOES 1-25 in accordance with *Civil Code* § 3294 in a sum appropriate

9   to punish and make an example of Defendants Costco and/or DOES 1-25.

10       83.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by the

11   prevailing party in an action brought under its provisions.  Plaintiff has employed and will

12   continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has

13   incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an

14   award of attorneys' fees and costs under *Government Code* § 12965(b).

15       84.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

16   of this Court.

17                                    **IX.**

18                       **SIXTH CAUSE OF ACTION**

19       **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

20               **(Against Defendants Costco and DOES 1-25)**

21       85.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

22   Verified Complaint as if fully alleged herein.

23       86.    Plaintiff was terminated by Defendants Costco and/or DOES 1-25 in whole, or in

24   part, because he suffered from known physical disabilities.  Plaintiff was also terminated by

25   Defendants Costco and/or DOES 1-25 in whole, or in part, because Defendants Costco and/or

26   DOES 1-25 refused to reasonably accommodate Plaintiff's physical disabilities, refused to engage

27   in a good faith interactive process to determine reasonable accommodations for Plaintiff's physical

28   disabilities, and in retaliation for Plaintiff requesting reasonable accommodations.

87.     Defendants Costco and DOES 1-25 terminated Plaintiff, in whole or in part, in violation of the public policy set forth in FEHA, *Government Code* § 12940, *et seq.*, which prohibits disability discrimination, failure to provide reasonable accommodations, failure to engage in a good faith interactive process regarding reasonable accommodations, failure to prevent discrimination and retaliation, and retaliation for requesting reasonable accommodations.

88.     As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff also has suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe emotional distress.  The amount of Plaintiff' damages will be ascertained at trial, but are believed to be in excess of $500,000.

89.     In committing the foregoing acts, Defendants have been guilty of oppression, fraud, or malice under *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of each of the foregoing Defendants.

90.     Defendants Costco and/or DOES 1-25's acts as alleged above were carried out by its employees, managing agents, officers and directors, and/or were directed or ratified by Defendants Costco and/or DOES 1-25's managing agents, officers and/or directors with a conscious disregard of Plaintiff' rights and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud or malice under *Civil Code* § 3294, entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example of Defendants Costco and/or DOES 1-25.

91.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

/ / /
/ / /
/ / /
/ / /
/ / /

FREEBURG&GRANIERI

**EXHIBIT A, PAGE 23**

## X.

### SEVENTH CAUSE OF ACTION

**DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO *CODE OF CIVIL PROCEDURE* § 1060; *GOVERNMENT CODE* §§ 12920 and 12920.5, *ET SEQ*.**

**(Against Defendants Costco and DOES 1-25)**

92.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Verified Complaint as if fully alleged herein.

93.     An actual controversy exists between Plaintiff and Defendants Costco and/or DOES 1-25, concerning whether Defendants, and each of them, violated Plaintiff's rights under the California Fair Employment and Housing Act, as alleged in the First, Second, Third, Fourth, Fifth, and Sixth causes of action in this Verified Complaint.  Plaintiff seeks a finding from the Court that Defendants' adverse employment actions were substantially motivated by unlawful discrimination and/or retaliation, regardless of whether Defendants prove that they would have made the same employment decisions concerning Plaintiff even if discrimination and/or retaliation was not a substantial motivating factor for the adverse employment actions concerning Plaintiff. Plaintiff seeks an order from the Court condemning Defendants' discriminatory employment policies or practices, as provided by *Code of Civil Procedure* § 1060.

94.     In addition, upon a finding of unlawful discrimination and/or retaliation, Plaintiff requests that the Court grant injunctive relief to stop the discriminatory and retaliatory practices which violate FEHA as provided for in *Government Code* §§ 12920, 12920.5, and the California Supreme Court's decisions in *Harris v. City of Santa Monica*, 56 Cal. 4th, 203, 234-35 (2013) and *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th, 121, 131-32 (1999).

95.     Under FEHA, "in order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons." *Government Code* § 12920.5.

96.     One of the stated purposes of FEHA is "to provide effective remedies which will eliminate" employment discrimination.  *Government Code* § 12920.

/ / /

VERIFIED COMPLAINT FOR DAMAGES
19

FREEDURG&GRANIERI

97. FEHA authorizes a court to grant injunctive relief and prospective relief including but not limited to, cease and desist orders, posting of notices, training of personnel and other similar relief that is intended to correct unlawful employment practices. *Government Code* § 12926(a).

98. Upon determination that unlawful discrimination and/or retaliation was a substantial motivating factor in any employment decision concerning Plaintiff, Plaintiff requests this Court to enter an order enjoining Defendants from engaging in those practices, requiring the posting of notices containing employees' rights and detailing Defendants' violations of FEHA, requiring Defendants to effectively train their personnel in FEHA's proscriptions against discrimination and retaliation, and requiring Defendants to make periodic reports to the Court to ensure compliance by Defendants, and each of them, with their obligations under FEHA.

99. Pursuant to *Government Code* § 12965(b), Plaintiff seeks an award from the Court of reasonable attorneys' fees and costs incurred in obtaining the declaratory and injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER**

1. For general damages, according to proof, on each cause of action for which such damages are available, which are believed to be in excess of $500,000;

2. For special damages, according to proof, on each cause of action for which such damages are available;

3. For compensatory damages, according to proof, on each cause of action for which such damages are available;

4. For punitive damages, according to proof, for each cause of action for which such damages are available;

5. For pre-judgment and post-judgment interest according to law;

6. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the applicable law;

7. For costs of suit incurred in this action;

8. For declaratory and injunctive relief as provided in the seventh cause of action; and

FREEBURG&GRANIERI

**EXHIBIT A, PAGE 25**

9.    For such other and further relief as the Court deems just and proper.

Dated: September 8, 2021                    FREEBURG & GRANIERI, APC

                                            By: _____
                                                Gregory S. Freeburg
                                                Christy W. Granieri
                                                Anton C. Swain-Gil
                                                Attorneys for Plaintiff
                                                Mark Durbin

1

## DEMAND FOR JURY TRIAL

2   Plaintiff Mark Durbin hereby demands a trial by jury on all causes of action alleged herein

3   in the Verified Complaint for Damages and Demand for Jury Trial.

4

Dated: September 8, 2021                        FREEBURG & GRANIERI, APC

5

6

7   By: _____
        Gregory S. Freeburg
8       Christy W. Granieri
        Anton C. Swain-Gil
9       Attorneys for Plaintiff
        Mark Durbin

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A, PAGE 27**

1                         **<u>VERIFICATION</u>**

2         I have read the foregoing Verified Complaint for Damages and Demand for Jury Trial and

3 know its contents.

4         I am a party to this action.  The matters stated in the Verified Complaint for Damages and

5 Demand for Jury Trial are true of my own knowledge, except as to those matters which are stated

6 on information and belief, and as to those matters, I believe them to be true.

7

8         Executed on <u>06/17/2021</u>, at Los Angeles, California.

9

10         I declare under penalty of perjury under the laws of the State of California and under the

11 laws of the United States of America that the foregoing is true and correct.

12

13                             *Mark Durbin*
                                Mark Durbin (Jun 17, 2021 13:00 PDT)

14                             Mark Durbin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 17, 2021

Anton Swain-Gil
107 S. Fair Oaks Ave, Suite 321
Pasadena, California 91105

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202106-13921217
Right to Sue: Durbin / Costco Wholesale Corporation

Dear Anton Swain-Gil:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**EXHIBIT A, PAGE 30**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 17, 2021

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202106-13921217
Right to Sue: Durbin / Costco Wholesale Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 17, 2021

Mark Durbin
17032 Burbank Boulevard, #12
Encino, California 91316

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202106-13921217
Right to Sue: Durbin / Costco Wholesale Corporation

Dear Mark Durbin:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 17, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

**EXHIBIT A, PAGE 32**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Mark Durbin                                                    DFEH No. 202106-13921217

                                        Complainant,

vs.

Costco Wholesale Corporation
999 Lake Drive
Issaquah, Washington 98027

                                        Respondents

_____

**1.** Respondent **Costco Wholesale Corporation** is an **employer Costco Wholesale Corporation** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Mark Durbin**, resides in the City of **Encino,** State of **California.**

**3.** Complainant alleges that on or about **May 20, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, laid off, denied hire or promotion, suspended, demoted, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, denied hire or promotion, suspended, demoted, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** On March 24, 2020, Mark Durbin ("Durbin") was hired by Costco Wholesale Corporation ("Costco"). Durbin was unlawfully terminated on May 20,

-1-
*Complaint – DFEH No. 202106-13921217*

Date Filed: June 17, 2021



1  2020. During his employment, Durbin suffered disability discrimination, the failure to
2  reasonably accommodate his disability, the failure to engage in a good faith interactive
   process, and retaliation. In addition, Costco failed to prevent the complained of
3  discrimination and retaliation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         -2-
                            *Complaint – DFEH No. 202106-13921217*
28
   Date Filed: June 17, 2021

EXHIBIT A, PAGE 35



VERIFICATION

I, **Anton Swain-Gil**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 17, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, California**

-3-
*Complaint – DFEH No. 202106-13921217*

Date Filed: June 17, 2021

21STCV33146

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 25, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MARK DURBIN, an individual, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV33146** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christy Granieri/Gregory Freeburg/Anton Swain-Gil    626-486-9082
Freeburg & Granieri, APC - 107 S. Fair Oaks Ave, Suite 321 Pasadena CA 91105

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 09/08/2021 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by<br>*(Secretario)* _____ Y. Tarasyuk | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   **COSTCO WHOLESALE CORPORATION, a corporation**

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 21STCV33146 | FOR COURT USE ONLY |
|---|---|
| Christy Granieri/Gregory Freeburg/Anton Swain-Gil 266392/275449/323237<br>Freeburg & Granieri, APC<br>107 S. Fair Oaks Ave, Suite 321 Pasadena CA 91105<br>TELEPHONE NO.: **626-486-9082**    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: christy@fgfirm.law/greg@fgfirm.law/anton@fgfirm.law<br>ATTORNEY FOR *(Name)*: Mark Durbin | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Mark Durbin v. Costco Wholesale Corporation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV33146 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. ☐ Substantial amount of documentary evidence        court
        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2021

Anton Swain-Gil
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**EXHIBIT A, PAGE 38**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A, PAGE 39**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Mark Durbin v. Costco Wholesale Corporation, et al. | 21STCV33146 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A, PAGE 40**

| SHORT TITLE:<br>Mark Durbin v. Costco Wholesale Corporation, et al. | | CASE NUMBER | |
|---|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A, PAGE 41**

| SHORT TITLE:<br>Mark Durbin v. Costco Wholesale Corporation, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3<br>Page 3 of 4

**EXHIBIT A, PAGE 42**

| SHORT TITLE:<br>Mark Durbin v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>6100 Sepulveda Boulevard |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>91411 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u>                    District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>September 8, 2021</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**EXHIBIT A, PAGE 43**